825 F.2d 410
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick F. GLENN, Plaintiff-Appellant,
v.
George W. WILSON, John D. Rees, Alice Smaha, Gary
Pretigiacomo, and Harlan Edmonson, Defendants-Appellees.
 No. 87-5039
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1987.
 
 ORDER
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant and another prisoner filed this action pursuant to 42 U.S.C. Sec. 1983 seeking declaratory, injunctive and monetary relief and a transfer back to the Kentucky State Reformatory from the Northpoint Training Center. The complaint alleged a denial of due process and a violation of the eighth amendment in connection with a prison disciplinary hearing on charges of 'extortion or blackmail or making threatening statements.' The district court granted appellees' motion for summary judgment, denied appellant's motion for summary judgment and dismissed the civil rights action. Appellant appealed, and we hereby affirm.
 
 
 3
 Appellant claims that he was denied due process because the misconduct charge of 'extortion, or blackmail or making threatening statements' was false in that the accuser was, in fact, engaged in the conduct which appellant threatened her about. This claim is frivolous because appellant admitted he made the threatening statements with which he was charged. Appellant's due process claim must also fail because the minimum requirements of due process were met and the findings of the disciplinary board were supported by some evidence. Wolff v. McDonnell, 418 U.S. 539 (1974); Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454-55 (1985); see also Hewitt v. Helms, 459 U.S. 460, 477 (1982) (due process requirements when an inmate is placed in administrative segregation prior to a hearing).
 
 
 4
 Appellant also claims a violation of his due process rights in regards to his transfer from the Kentucky State Reformatory to the Northpoint Training Center. This claim must fail because the due process clause does not protect a duly convicted prisoner against transfer to another prison. Meachum v. Fano, 427 U.S. 215, 255 (1976); Montanye v. Haynes, 427 U.S. 236, 242 (1976).
 
 
 5
 As for appellant's eighth amendment claim, he has failed to present any facts to support this allegation and he cannot base this claim on mere conclusions and opinions. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971).
 
 
 6
 For these reasons, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.